UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **COLUMBIA GAS TRANSMISSION CORP.,** | : | Case No. 1:06 CV 2989 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| | : | NANCY A. VECCHIARELLI |
| **ROCKWELL ENTERPRISES, INC.,** *et al.* | : | |
| | : | **ORDER** |
| Defendants. | : | |

This case is before the Court on Plaintiff Columbia Gas Transmission Corp.'s ("Columbia") *Rule 72 Objections* (Doc. 75) and the related *Motion for Stay* (Doc. 76). In its *Rule 72 Objections*, Columbia objects to Magistrate Judge Nancy A. Vecchiarelli's August 29, 2007 Order (Doc. 74) ("August 29th Order") resolving Columbia's motion for protective order (Doc. 69) as to certain documents allegedly protected by the attorney-client privilege. Columbia argues that Magistrate Judge Vecchiarelli (1) erred in determining that the documents at issue are relevant; (2) erred by failing to identify as privileged duplicates of documents that the Order specifically identified as privileged; and (3) erred by failing to identify certain other documents as privileged. As more fully articulated below, the Court hereby **AFFIRMS** the August 29th Order with respect to the first and third arguments and **REMANDS** with respect to the second argument. In light of these rulings, Columbia's *Motion for Stay* (Doc. 76) is **GRANTED**.

**I.     BACKGROUND**

Magistrate Judge Vecchiarelli's August 29th Order summarizes the facts of this case and the discovery dispute underlying the motions presently pending. (Doc. 74 at p. 1-3.) The Court will not repeat that effort here. The procedural history leading up to Columbia's filing of Rule 72 objections, however, is worth briefly summarizing.

On June 29, 2007, Magistrate Judge Vecchiarelli ordered Columbia to produce documents responsive to two requests for production of documents related to Columbia's internal report entitled "Minimum Guidelines for Construction Activities in the Vicinity of Gas Pipelines" ("Minimum Guidelines"). (Doc. 42.) She also ordered Columbia to submit: (1) a privilege log identifying all allegedly privileged documents; and (2) the documents to the Court for *in camera* review if the parties disagreed with respect to privilege. On July 27, 2007, Columbia submitted approximately 4,000 pages of allegedly privileged documents to the Court, along with a brief and privilege log. (Doc. 61.)

Magistrate Judge Vecchiarelli determined that the brief and privilege log were inadequate to establish the elements of attorney-client privilege. (Doc. 66; Doc. 74 at p. 3.) In an effort to give Columbia a second chance to submit information sufficient to assert the elements of attorney-client privilege, Magistrate Judge Vecchiarelli ordered Columbia to file a motion for protective order with a revised brief in support and privilege log. (Doc. 66.) Columbia did so on August 17, 2007. (Doc. 69.)

Magistrate Judge Vecchiarelli found Columbia's revised submissions to be similarly deficient, however, and issued the August 29th Order to that effect. (Doc. 74.) After considering Columbia's brief in support of its motion for protective order, reviewing the revised privilege log, and conducting an <u>extensive</u> *in camera* review of the allegedly privileged documents, the August 29th Order first rejected Columbia's argument that the documents Westfield Center requested related to the Minimum Guidelines are not relevant to this lawsuit. (Doc. 74 at p. 4.) Next, Magistrate Vecchiarelli concluded generally that Columbia had failed to establish the elements of attorney-client privilege with respect to the vast majority of the documents in question. (Doc. 74 p. 8-11.)

2

Magistrate Vecchiarelli did, however, include in her Order a list of specific documents that she identified as privileged in her *in camera* review. (*Id*. at p. 12-15.)

On September 13, 2007, Columbia submitted objections to Magistrate Judge Vecchiarelli's August 29th Order under Rule 72 of the Federal Rules of Civil Procedure. (Doc. 75.) Westfield Center filed a response to Columbia's objections on September 28, 2007. (Doc. 79.)

Rule 72 permits a party to object to a magistrate judge's order within 10 days of receiving service of the order. Fed. R. Civ. P. 72. Magistrate Judge Vecchiarelli's August 29th Order required Columbia to produce all documents outside the attorney-client privilege by September 13, 2007, *i.e.* ten days from the date of the Order. Because the deadline for Rule 72 objections coincided with the deadline for production, Columbia filed a *Motion for Stay* (Doc. 76) requesting that the Court impose a stay permitting Columbia to withhold production of the documents at issue until the Court rules on its Rule 72 objections.

## II. DISCUSSION

The Court has now conducted a *de novo* review of Magistrate Judge Vecchiarelli's August 29th Order. It is clear from the record – including the parties' briefs, the privilege logs Columbia submitted, the documents Columbia submitted for *in camera* review, and the Order itself – that Magistrate Judge Vecchiarelli thoroughly analyzed Columbia's arguments. Furthermore, she conducted a painstakingly detailed *in camera* review of the approximately 4,000 pages of allegedly privileged documents. With this in mind, the following discussion briefly addresses each section of Magistrate Judge Vecchiarelli's August 29th Order.

### A. Relevance: The Court <u>AFFIRMS</u> the Finding that the Documents in Question are Relevant

The August 29th Order first rejects Columbia's "primary argument," *i.e.*, that the documents

underlying the Minimum Guidelines are not relevant to this lawsuit. The Order states:

> As Columbia uses the Minimum Guidelines to define its property rights created by its right of way agreements, the rationale for its policy and, specifically, for the recent change in policy related to concrete, is relevant to the breach of contract claim and the request for injunctive relief. Moreover, as Columbia claims that it will be irreparably harmed if the concrete remains over its pipeline, the documents – likely to reveal the reasons for the new policy prohibiting concrete – are relevant to determining the harm that Columbia suffers as a result of concrete paving over its pipelines. Accordingly, Columbia's argument that the documents are not relevant is meritless.

(Doc. 74 at p. 5.) Upon full consideration of the record and the parties submissions, the Court finds this reasoning sound and **AFFIRMS** Magistrate Vecchiarelli's ruling regarding relevance.

### B. Attorney-Client Privilege

The August 29th Order addresses attorney-client privilege in several sections, and Columbia's Rule 72 Objections include two distinct privilege arguments.

#### 1. Duplicates of Documents Identified As Privileged Should Also Be Privileged

First, Columbia points out that the August 29th Order specifically identified certain documents as privileged, but did not identify duplicates of the same documents as privileged. (Doc. 75-2 at p. 5-6.) This objection is well-taken. Accordingly, the Court **REMANDS** this issue to Magistrate Judge Vecchiarelli for resolution.

#### 2. New Privilege Arguments

Columbia's Rule 72 Objections also include arguments that Columbia did not submit to Magistrate Judge Vecchiarelli.[1] Columbia's memorandum in support of its Rule 72 Objections includes a chart that is nothing more than a revised privilege log as to certain documents or sets of

---

[1] In fact, Columbia admits that some of its objections "may have been presented in the form of a motion for reconsideration." (Doc. 75-2 at p. 1.)

documents. (Doc. 75-2 at p. 7-11.) The chart essentially submits to this Court more detailed, narrowly tailored privilege arguments than were ever submitted to Magistrate Judge Vecchiarelli. Columbia could have (and should have) submitted this more carefully tailored privilege log to the Magistrate Judge in support of its motion for protective order. In addition, for the first time, Columbia submitted an affidavit in support of its privilege arguments. (Doc. 75-3.) Although the affidavit purportedly bolsters Columbia's claim that a certain sub-set of the documents at issue are privileged, Columbia did not see fit to provide the affidavit, or the information contained therein, to Magistrate Vecchiarelli, despite the fact that it had at least two opportunities to do so.

Federal courts, including the Sixth Circuit, consistently hold that an argument may not be submitted for the first time in a Rule 72 objection. *See, e.g.*, *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). The Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, requires the parties to "put [their] best foot forward before the magistrate: to spell out [their] arguments squarely and distinctly." *Paterson-Leitch Co.,* 840 F.2d at 990.[2] The district court may conclude that a party who fails to assert an argument before

---

[2]

The First Circuit in *Paterson-Leitch Co.* further explains the rationale for the rule as follows:

> Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge.

840 F.2d at 991.

the magistrate has waived that argument. *See Brooks v. Bobby*, No. 1:02CV1416, 2006 WL 2456494, *10 (N.D. Ohio 2006) (citing *Paterson-Leitch Co.*, 840 F.2d at 990-91).

Accordingly, the privilege arguments that Columbia raises for the first time in sections IIB and IIC of its memorandum in support of its Rule 72 Objections are hereby **OVERRULED**. Magistrate Judge Vecchiarelli warned Columbia that its privilege arguments were inadequate in her order instructing Columbia to file a motion for protective order. (Doc. 66.) Specifically, in her August 10, 2007 Order, Magistrate Judge Vecchiarelli stated:

> [I]f Plaintiff wishes to claim the documents are privileged, . . . Plaintiff must file a motion for a protective order on privilege grounds *with all factual and legal support it claims justifies the assertion of the privilege. Plaintiff's submission must contain sufficient information to enable the court to perform a meaningful review of the documents* . . . .

(*Id.* (emphasis added).) Clearly, Magistrate Judge Vecchiarelli gave Columbia ample opportunity to articulate its arguments in support of privilege and to submit an adequate privilege log. Columbia's failure to do so amounts to waiver.

Based on the law discussed above, *see e.g.*, *Paterson-Leitch Co.*, 840 F.2d at 991, this Court will not entertain new arguments in the form of Rule 72 Objections when the magistrate literally *invited* Columbia to submit these arguments for her consideration. (Doc. 66.) Columbia bears the burden of establishing the elements of attorney-client privilege as to each document. *See In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 451 (6th Cir. 1983). Based on the August 10th Order quoted above, Columbia knew Magistrate Vecchiarelli was undertaking the arduous task of an *in camera* review. It is not the magistrate's role to sift through thousands of documents to identify those that are privileged or to make privilege arguments for Columbia. Therefore, Columbia is bound to the arguments and the privilege logs it actually presented to Magistrate Judge

6

Vecchiarelli. With the exception of the issue discussed above regarding duplicates of documents Magistrate Judge Vecchiarelli already identified as privileged, the Court **AFFIRMS** the August 29th Order.

### C. Columbia's *Motion for Stay*

In light of the limited remand, the Court **GRANTS** Columbia's *Motion for Stay* (Doc. 76). Magistrate Judge Vecchiarelli will set a deadline for production of non-privileged documents consistent with her resolution of the remanded issue regarding duplicates of privileged documents.

## III. CONCLUSION

For the reasons articulated above, the Court **AFFIRMS** the August 29th Order (Doc. 74), but **REMANDS** the issue of identifying all duplicates of documents listed as privileged in the August 29th Order to Magistrate Judge Vecchiarelli. In light of this limited remand, *Plaintiff Columbia Gas Transmission Corp.'s Motion for Stay* (Doc. 76) is **GRANTED**. Magistrate Judge Vecchiarelli will set a deadline for production of non-privileged documents consistent with her resolution of the remanded issue.

**IT IS SO ORDERED.**

                                                **s/Kathleen M. O'Malley**
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: November 9, 2007**